IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH WILLIAMS** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 25-CV-3842 |
| | : | |
| **GENERAL MOTORS, LLC,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 AUGUST 7, 2025

Elijah Williams brings this action *pro se* against General Motors LLC ("GM") alleging a violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)1)(B), and state law claims. Williams also seeks leave to proceed *in forma pauperis*, which the Court will grant. For the following reasons, the Complaint will be dismissed for lack of jurisdiction.

**I.     FACTUAL ALLEGATIONS**[1]

Williams purchased a pre-owned 2017 Chevrolet Tahoe on October 28, 2024 for a purchase price of $14,000. (Compl. at 2.) He intended to use the truck in his freight hauling business and secured a contract with a freight company. (*Id*. at 3.) On February 15, 2025, less than four months after the purchase, the truck suffered a catastrophic lifter collapse. (*Id*.) The cost to repair the truck is estimated to be more than $9,000. (*Id*.) The loss of the use of the truck cost Williams the value of his freight contract, insurance, rental costs, emotional distress, anxiety, and sleep loss. (*Id*.) He claims that GM, prior to his purchase of the truck, possessed pre-production data, warranty metrics, technical service bulletins, and "hundreds of NHTSA complaints" establishing

---

[1]     The factual allegations are taken from Williams's Complaint (ECF No. 1). The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

that the truck's engine had an inherent design/manufacturing defect. (*Id*.) GM, nonetheless, marketed the vehicle as "durable" and "reliable" and omitted the known propensity for premature lifter failure. (*Id*.) Williams sent GM a written notice of defect on March 4, 2025, and an "opportunity-to-cure" letter on June 1, 2025, but GM failed to repurchase or repair the truck, or reimburse him for the repair cost within 30 days. (*Id*. at 4.) Williams raises a claim under the MMWA and other state law claims. He seeks damages of $43,000 in repair, out of pocket, and insurance cost, and lost profits, and unstated damages for "credit impairment," consequential economic loss, emotional distress, and punitive damages. (*Id*.)

## II.     STANDARD OF REVIEW

The Court grants Williams leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Accordingly, § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, this Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Williams' favor, and consider only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Williams is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185

(3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245).

When allowing a plaintiff to proceed *in forma pauperis* the court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for the court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

#### A.   *MMWA Claim*

MMWA claims, whether based on an express or implied warranty, are not cognizable in federal court unless the amount in controversy is greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Although the plain language of the jurisdictional provision is ambiguous, courts have construed it mean that we look to the value of the MMWA claims only

and not the value of any pendent state law claims or attorney fees. *See Donahue v. Bill Page Toyota, Inc.*, 164 F. Supp. 2d 778, 782 (E.D. Va. 2001) (stating that the "all claims to be determined in this suit" language in the Act is best interpreted "by construing the phrase in § 2310(d)(3) – 'all claims to be determined in this suit' – to mean 'all MMWA claims.'"); *Landeis v. Future Ford*, No. 04-2733, 2006 WL 1652659 at *6 (E.D. Cal. June 14, 2006) ("It is clear that in calculating the jurisdictional amount, the Court may not consider pendent state law claims. [] Similarly, the Court may not consider attorney's fees and costs in calculating the jurisdictional amount.") (internal citations omitted). *See also Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) (holding that attorney's fees may not be considered in calculating the MMWA jurisdictional amount).

Here, Williams alleges that he paid $14,000 for the truck and will have to pay $9,000 for the repair. It is apparent from the face of his complaint that the value of his MMWA claim is no more than $23,000 and, thus, insufficient to meet the jurisdictional amount to assert the claim in federal court. Even Williams's stated damages of $43,000 fail to meet this threshold. Accordingly, the MMWA must be dismissed for want of jurisdiction.

    **B.**    *State Law Claims*

Having dismissed Williams only federal law claim, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is

4

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id*. (internal quotations omitted); *see also Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (*per curiam*) ("As for the entity defendants, they are limited liability companies and are deemed citizens of every state of which one of their members is a citizen."). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Williams asserts that he is a citizen of Pennsylvania and that GM is an LLC with citizenship in Delaware and Michigan. (Compl. at 2.) However, he does not allege the citizenship of GM LLC's members. Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue and also fails to allege the amount in controversy threshold for diversity jurisdiction.

## IV. CONCLUSION

For the reasons set forth, Williams's Complaint is dismissed for lack of subject matter jurisdiction. No leave to amend will be granted since Williams cannot cure the jurisdictional defect in his federal law claim. However, he may refile his claims in a state court where citizenship and the amount in controversy may not be at issue. A dismissal order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

*NITZA I. QUIÑONES ALEJANDRO, J.*